UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DARRYN RAFAEL YANEZ VARGAS,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION FACILITY,

Respondent.

No. 1:26-CV-00446-H

**ORDER**

Petitioner filed an emergency motion for temporary restraining order and preliminary injunction to preserve the Court's jurisdiction by preventing his transfer to a different detention facility or removal while this habeas petition remains pending. Dkt. No. 4. Alternatively, he seeks an order requiring Respondent to maintain and preserve his access to his legal papers and other materials necessary to prosecute this action. As explained below, the motion is denied.

**1. Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis**

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did not include a declaration made under penalty of perjury, nor did he allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving the respondent the opportunity to be heard.

Second, Petitioner's transfer will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, to the extent Petitioner seeks an order preventing his transfer from this Court's jurisdiction, the request is denied as unnecessary.

Third, and in any event, the Court must deny Petitioner's request for stay of removal for lack of jurisdiction. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Court therefore lacks jurisdiction to stay Petitioner's removal.

In any event, the Court finds that Petitioner has not met the required elements for a TRO as to any of his requested relief. He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest. The Court therefore denies the motion.

This habeas petition remains pending and will be reviewed in due course once briefing is complete.

So ordered on October 2, 2026.

JAMES WESLEY HENDRIX
United States District Judge